O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LISA FINN, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.,<br><br>       Defendants. | Case № 2:20-cv-1860-ODW (SKx)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS [8]** |

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs Lisa Finn and Michael Finn, proceeding pro se, initiated this wrongful foreclosure action in the Superior Court of California, County of Los Angeles, on December 9, 2019.  (Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.)  Defendants removed the action to this Court on February 26, 2020, based on diversity jurisdiction.  (Notice of Removal 3, ECF No. 1.)  Plaintiffs raise five causes of action related to the alleged wrongful foreclosure of their property.  (*See* Compl.)

On March 4, 2020, Defendants moved to dismiss Plaintiffs' Complaint ("Motion") and served Plaintiffs with the Motion by United States mail at the address Plaintiffs provided on the Complaint.  (*See* Mot. to Dismiss ("Mot."), ECF No. 8,

Mot. Proof of Service, ECF No. 8-2; Compl. 1.)  Defendants noticed the hearing on the Motion for forty days later, on April 13, 2020.  Thus, pursuant to Local Rule 7-9, Plaintiffs' opposition was due no later than March 23, 2020.  *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing).  However, to date, Plaintiffs have filed no opposition.  For the reasons that follow, the Court **GRANTS** Defendants' Motion.[1]

## II.   PLAINTIFF'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."  C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Defendants move to dismiss Plaintiffs' Complaint.  (*See* Mot.)  Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Explicit findings with respect to these factors are not required."  *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).  In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample time to respond," yet failed to do so.  *See Ghazali*, 46 F.3d at 54.

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Here, Defendants moved to dismiss Plaintiffs' Complaint and set the hearing date on March 13, 2020, forty days after filing, in excess of time required under the Local Rules. *See* C.D. Cal. L.R. 6-1 (requiring a motion to be filed twenty-eight days before the date set for the hearing). Defendants served the Motion on Plaintiffs via United States mail on March 4, 2020. (*See* Proof of Service.) Thus, Plaintiffs had notice of the Motion and ample opportunity to respond. However, to date Plaintiffs have failed to oppose or otherwise respond. The record reflects that Plaintiffs have not engaged in this matter since filing the Complaint in Superior Court on December 9, 2019, despite being notified that the matter was being removed to federal court and that Defendants were seeking to dismiss the case. (*See* Notice of Removal Proof of Service, ECF No. 1; Mot. Proof of Service.) Plaintiffs offer no excuse for failing to oppose, nor have Plaintiffs sought an extension of time or any other relief. As such, the Court construes Plaintiffs' failure to respond to Defendants' Motion as consent to the Court granting it. Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendants' Motion. Defendants request dismissal with prejudice; however, in light of Plaintiffs' pro se status, dismissal is without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 8) and **DISMISSES** Plaintiffs' Complaint **without prejudice**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 20, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**